UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


CHRISTOPOHER KOLENDORSKI,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

Case No. 1:21-cv-10152
Magistrate Judge Norah McCann King

## **OPINION AND ORDER**

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b) in the amount of $ 57,396.00. (ECF No. 21) The Commissioner has not responded to the motion. For the reasons that follow, the motion is granted in part.

**I.    STANDARD**

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also

1

consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II. PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits (SSDI), alleging disability since October 17, 2013, was originally filed in April 2015. (R. 15, 64) In June 2018, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled. (R. 64-85) An appeal from that decision was filed in this Court, and counsel filed a statement of contentions (ECF No. 7), Plaintiff's brief (ECF No. 9), and a reply. (ECF No. 13) On September 29, 2023, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Opinion and Order, ECF No. 16) Final Judgment was entered that same day. (Final Judgment, ECF No. 17) This Court thereafter accepted the parties' stipulation and awarded Plaintiff an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") in the amount of $ 9,000.00. (ECF No. 19)

On remand from this Court, Plaintiff was found to be disabled. (ECF No. 21-6, PageID# 731) Twenty-five percent of the total past-due benefits payable to Plaintiff and his two children, $ 57,396.00, has been withheld for payment to Plaintiff's representative. (*Id*. at PageID# 734[1]; ECF No. 21-7, PageID# 738, 742)

## III. DISCUSSION

The fee agreement executed by Plaintiff and his counsel authorizes a fee of 25% of all past-due benefits for work performed before this Court. (ECF No. 21-3) Plaintiff's counsel

---

[1] This Notice of Award issued to Plaintiff reflects a typographical error and should read $38,274.00. *See* Attorney Affidavit in Support of Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b), ¶ 4 n. 2 (ECF No. 21-2, PageID# 722)

2

itemizes a total of 41.9 hours of attorney time expended on Plaintiff's behalf before this Court. (ECF No. 21-5)

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is skilled, with prior experience in this area of the law. Moreover, counsel's representation of Plaintiff before this Court was effective and, as noted, resulted in the reversal of the Commissioner's decision and an order of remand. The favorable result that Plaintiff and his family ultimately realized is a testament to his counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed his application for benefits and the awarding of benefits—delay that affected his counsel as well as Plaintiff—and there is no indication that this delay was caused by Plaintiff's counsel. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients such as Plaintiff on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

However, the statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a fee award of $ 57,396.00, which results in an imputed effective hourly rate of $ 1,369.83 per hour. Counsel avers that his current hourly rate in non-contingency fee cases is $ 400.00 per hour. Attorney Affidavit in Support of Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b), ¶ 9 (ECF No. 21-2, PageID# 723) The amount sought in the motion therefore raises the specter of a windfall to Plaintiff's attorney. And although "[t]he windfall analysis is not 'a way of reintroducing the lodestar method' to determine whether a fee under § 406(b) is reasonable," *Rene C. Comm'r of Soc. Sec.*, No. CV 20-8527 (RMB), 2025 WL 580442, at 2

3

(D.N.J. Feb. 21, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)), this Court cannot ignore the large size of the requested fee, nor the fact that the size of the total past-due benefits is a function, in part, of the award to Plaintiff on behalf of his minor children. If the full fee were based solely on the past-due benefits awarded to Plaintiff in his own right, the fee would amount to $ 38,274.00, for an imputed hourly rate of $913.46.

Of course, the fact that Plaintiff has minor children required no additional work by his counsel, nor did that fact increase the risk undertaken by counsel. *See Shackles v. Barnhart*, No. CIV.A. 04-CV-0822, 2006 WL 680960, at *2 (E.D. Pa. Mar. 15, 2006) (basing the attorney's fee calculation solely on the past-due benefits awarded to the plaintiff-claimant, after excluding the amounts awarded to her minor children). This Court concludes that to award the entire fee sought in the motion would result in an unwarranted windfall to counsel. Instead, the Court concludes that a fee of $ 38,274.00 is reasonable. That fee amounts to approximately 25 % of the total past-due benefits awarded to Plaintiff in his own right and reflects compensation of 41.9 hours at $ 913.46 per hour, which is a rate that is more than twice counsel's current hourly rate for non-contingency cases. While recognizing that this calculation may be viewed as articulated in lodestar terms, the Court does not intend to base its conclusion on simply a lodestar analysis. Rather, the Court reaches this conclusion after considering the relevant factors set forth in *Grisbecht* but also recognizing the impact of the past-due benefits awarded to Plaintiff's minor children. In short, the Court concludes that this award is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## IV. CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 28, is **GRANTED IN PART**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 38,274.00, which is less than 25% of the total past due benefits awarded to Plaintiff and his children, be remitted to **Patrick J. Best, Esq.** Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 9,000.00 to Plaintiff.

October 9, 2025              *s/ Norah McCann King*
                             Norah McCann King
                             United States Magistrate Judge